# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: | US District Case No. 12-CV-426-RMP |
| LLS AMERICA, LLC, | Bankruptcy No. 09-06194-PCW11 |
| Debtor. | |
| BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America LLC, | Adversary No. 11-80111-PCW 11 |
| | DEFAULT JUDGMENT |
| Plaintiff, | |
| v. | |
| TAMANA HOLDINGS, LTD., | |
| Defendant. | |

This Court having previously entered an Order of Default against Defendant Tamana Holdings, Ltd. (Ct. Rec. 13), and having reviewed the previously filed Memorandum of Authorities (Ct. Rec. 11), and the Affidavits of Curtis Frye and Daniel J. Gibbons in Support of Plaintiff's Motion for Default Judgment filed herewith, and being fully advised in the premises,

DEFAULT JUDGMENT- 1

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiff, Bruce P. Kriegman, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC, shall have a judgment against the Defendant Tamana Holdings, Ltd., as follows:

1. Monetary Judgment in the amount of CAD $601,562.51, pursuant to 11 U.S.C. § 550 and RCW 19.40.071;

2. Transfers in the amount of CAD $541,312.51 made to the Defendant within four years prior to the Petition Filing Date are hereby avoided and Plaintiff may take all necessary action to preserve the same, pursuant to 11 U.S.C. §§ 544, 550, 551 and 548(a) and (b) and RCW 19.40.041(1) and (2) and RCW 19.40.071;

3. Transfers in the amount of CAD $60,250.00 made to the Defendant more than four years prior to the Petition Filing Date should be avoided and Plaintiff should be authorized to take all necessary action to preserve the same, pursuant to 11 U.S.C. §§ 544, 550 and 551 and RCW 19.40.041(1) and 19.40.071;

4. All said transfers to Defendant Tamana Holdings, Ltd. are hereby set aside and Plaintiff shall be entitled to recover the same, or the value thereof, from Defendant Tamana Holdings, Ltd. for the benefit of the estate of LLS America, pursuant to 11 U.S.C. §§ 544, 550 and 551;

5. All proofs of claim of the Defendant which have been filed or brought or which may hereafter be filed or brought by, on behalf of, or for the benefit of Defendant Tamana Holdings, Ltd. or its affiliated entities, against the Debtor's estate, in this bankruptcy or related bankruptcy proceedings, are hereby disallowed and subordinated to the monetary judgment granted herein and

DEFAULT JUDGMENT- 2

Defendant Tamana Holdings, Ltd. shall not be entitled to collect on its proof of claim (Claim No. 748-1) until the monetary judgment is satisfied by Defendant Tmana Holdings, Ltd. in full, pursuant to 11 U.S.C. §§ 502(d), 510(c)(1) and 105(a);

    5.    A constructive trust is hereby established over the proceeds of all transfers in favor of the Trustee for the benefit of the estate of LLS America; and

    6.    Plaintiff is hereby awarded costs (i.e. filing fee) in the amount of $250.00 USD, for a total judgment of CAD $601,562.51, plus $250 USD, which shall bear interest equal to the weekly average of one-year constant maturity (nominal) treasury yield as published by the Federal Reserve System.

The District Court Clerk is directed to enter this Order, enter Judgment accordingly, provide copies to counsel and pro se Defendant, and close this case.

**DATED** this 20th day of August 2013.

                                        *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
                                  Chief United States District Court Judge

DEFAULT JUDGMENT- 3